# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

JAMES TROUPE

    Plaintiff,

v.                                            Case No. 3:19-cv-989-J-32JRK

PCS PHOSPHATE COMPANY, INC.,

    Defendant.

## O R D E R

This case is before the Court on Plaintiff James Troupe's Motion to Remand to State Court. (Doc. 3). Defendant PCS Phosphate Company, Inc. responded in opposition. (Doc. 5). Troupe alleges that on June 22, 2017, he tripped and fell on a negligently maintained sidewalk or parking lot. (Doc. 2 ¶¶ 7–8). As a result of this trip and fall:

> Plaintiff suffered bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

Id. ¶ 9. The Complaint alleges that damages are in excess of $15,000, the state circuit court jurisdictional threshold but lists no other damages amount. Id. ¶ 1.

PCS removed the case, (Doc. 1), and argues that the amount in controversy is satisfied based on Troupe's pre-suit demand letter requesting $150,000, (Doc. 5 at 1–2). Troupe does not dispute that the parties are diverse, but asserts that PCS has failed to prove the jurisdictional amount because the demand letter represents "mere puffery and posturing." (Doc. 3 at 7).

For a federal court to have diversity jurisdiction, the parties must have complete diversity and the amount in controversy must exceed $75,000. 28 U.S.C § 1332(a). "Consistent with the limited nature of federal jurisdiction, the party seeking a federal venue must establish the venue's jurisdictional requirements." Lowery v. Ala. Power Co., 483 F.3d 1184, 1207 (11th Cir. 2007). "Where, as here, the complaint does 'not allege [ ] a specific amount of damages, the defendant seeking removal must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.'" Thompson v. Columbia Sussex Corp., No. 2:16-CV-435-FTM-29CM, 2016 WL 6134868, at *3 (M.D. Fla. Oct. 21, 2016) (citing S. Fla. Wellness, Inc. v. Allstate Ins. Co., 745 F.3d 1312, 1315 (11th Cir. 2014)). "The evidentiary value of a settlement offer in establishing the amount in controversy depends on the circumstances of the offer." Lutins v. State Farm Mut. Auto. Ins. Co., No. 3:10-CV-817-J-99MCR, 2010 WL 6790537, at *2 (M.D. Fla. Nov. 4, 2010). A settlement offer with detailed information supporting a plaintiff's claim for

2

damages should be given more weight than a settlement offer that is mere puffery and posturing. Id.

To support the amount in controversy, PCS attached Troupe's demand letter and accompanying medical records. (Doc. 6-1). The medical records indicate that Troupe suffered an ankle sprain and that he complains of right ankle and foot pain. (Doc. 6-1 at 8, 50). No medical bills were attached to the demand letter; however, the letter states "Mr. Troupe treated under his WC [worker's comp] and his case settled at $6,000. AmTrust North America will have a lien for his damages." Id. at 1.

Based on the evidence presented, the amount in controversy does not exceed $75,000. Troupe's injuries appear to consist of a sprained ankle and foot pain that one doctor described as "grossly unremarkable" after reading the MRI. (Doc. 6-1 at 24). Further, the demand letter appears to indicate that Troupe's medical bills were $6,000—not even close to the jurisdictional threshold. Id. at 1. PCS presented no other evidence of damages.

Although the Court finds remand appropriate, it denies Troupe's request for attorney's fees, costs, and expenses associated with removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."). A plaintiff who makes a settlement demand far in excess of the federal

jurisdictional threshold, does so knowing it could constitute the basis for removal. See, e.g., Ashmeade v. Farmers Ins. Exch., No. 5:15-CV-533-OC-34PRL, 2016 WL 1743457, at *4 (M.D. Fla. May 3, 2016) (declining to award fees and costs after improper removal based on a demand letter seeking $100,000). Plaintiff's counsel states that the demand letter was meant merely to "stake out an aggressive initial position for negotiating purposes." (Doc. 3 at 7). While a certain amount of posturing by both sides regarding settlement is to be expected, Plaintiff's counsel is reminded of the ethical obligations inherent in sending a demand letter.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff James Troupe's Motion to Remand to State Court (Doc. 3) is **GRANTED in part and DENIED in part**. Troupe's request for attorney's fees, costs, and expenses is denied. The motion is otherwise granted.

2. This case is **REMANDED** to the Circuit Court of the Third Judicial Circuit in and for Hamilton County, Florida.

3. After remand has been effected, the Clerk shall terminate any pending motions and deadlines and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 20th day of November, 2019.

/s/ Timothy J. Corrigan
TIMOTHY J. CORRIGAN
United States District Judge

jb
Copies to:

Counsel of record